PETRA AND LUISA OSORIO RUIZ, Petitioners and Appellees, *v.* TEACHERS' ASSOCIATION OF PUERTO RICO, Respondent and Appellant; and PEDRO GUMBE Y RUIZ, Respondent.

No. 9524. Argued December 12, 1947.—Decided December 23, 1947.

*Virgilio Brunet* for appellant. *José Sabater* for appellees.

MR. JUSTICE SNYDER delivered the opinion of the Court.

This is a petition filed in the District Court of Mayagüez for a writ of mandamus, to compel the Teachers' Association

to pay part of the death benefits of a deceased member to the petitioners. The facts alleged are set forth in detail in *Teachers' Association of Puerto Rico* v. *District Court,* 66 P.R.R. 664. The defendant Association filed its answer, and on the same day filed a motion for transfer of the case to the District Court of San Juan on the ground that the principal office and domicile of the Association was in San Juan. The motion recited that the other defendants, Carmen Luisa and Pedro Gumbe Ruiz, whom the attorney for the Association also represented, agreed to the transfer of the case. The petitioners moved to retain the case in the District Court of Mayagüez for the convenience of witnesses and the ends of justice pursuant to § 83(4) of the Code of Civil Procedure. The petitioners filed an affidavit of merits reciting the testimony of their prospective witnesses. The district court overruled the motion for transfer, and the defendant Association appealed.

The lower court relied on *Piereschi* v. *Commissioner of Agriculture,* 62 P.R.R. 109. In that case we held that after answer, the district court, in passing on a motion for transfer of a case, may consider the convenience of witnesses. But that case is not in point, as the pleadings show that there is no controversy here concerning the facts. The petition and answer reveal that the only dispute between the parties is on a question of law; namely, who is entitled to the death benefits. In a case involving only a question of law, the convenience of witnesses plays no part. The district court therefore erred in overruling the motion for transfer.

The order of the district court will be reversed and the case remanded with directions to transfer the case to the District Court of San Juan.